IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO: 19 - 16777 - aih |
| Robert Bernard Beverly ) | |
| Tunisia Martine Beverly ) | |
| ) | CHAPTER 13 |
| Debtors. ) | |

### DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER 27-1 FILED BY VERIPRO SOLUTIONS, INC., WHICH PROOF OF CLAIM WAS SUBSEQUENTLY ASSIGNED TO BABYLON CAPITAL, LLC.

1. Veripro Solutions, Inc, filed Proof of Claim Number 27-1, which Proof of Claim was subsequently assigned to Babylon Capital, LLC. The claim purports to be secured by debtors' residence, based upon a promissory note and mortgage. The claim amount is $112,442,72. Debtors' last payment on this debt was February 15th, 2013.

2. Debtors request the court sustain their objection to the Proof of Claim and deny it in its entirety, based upon the unenforceability of the promissory note and mortgage, due to the expiration of the statute of limitations. *Section 558* of the Bankruptcy Code authorizes the Debtors to assert the statute of limitations as a defense to Claim 12-1. The Court is required to rule on the Claim Objection because only allowed claims may be paid through the Debtors' chapter 13 plan. "The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation...." *11 U.S.C. § 558 2018*

3. An action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.*O.R.C. § 1303.16(A)*. The six-year statute of limitations to enforce the Note controls the cause of action to enforce the Mortgage. It is well-settled law in Ohio. See *Kernohan v. Manss , 53 Ohio St. 118, 134, 41 N.E. 258 (Ohio 1895)* ("Where a promissory note is secured by mortgage, the note, not the mortgage, represents the debt. The mortgage is, therefore, a

mere incident...."); *Kerr v. Lydecker*, 51 Ohio St. 240, 254–55, 37 N.E. 267 (Ohio 1894) ("[W]hen a note is secured by the mortgage, the statute of limitations as to both is the same, and therefore the mortgage will be available as a security to the note in an action for foreclosure and sale until the note shall be either paid or barred by the statute; but in such case an action for foreclosure and sale cannot be maintained on the mortgage after an action on the note shall be barred by the statute of limitations."); *Hopkins v. Clyde*, 71 Ohio St. 141, 149, 72 N.E. 846 (Ohio 1904) ("Again, when the note is barred, the mortgage is also barred, and a grantee of the mortgagor may interpose this defense to an action to foreclose the mortgage whether the mortgagor does or does not."); *Bruml v. Herold*, 14 Ohio Supp. 123, 125 (Ohio C.P. Geauga Cty. June 29, 1944) ("The note being barred by the operation of the statute of limitations, the mortgage securing the same is relieved and discharged, the same as though the note had been paid during its lifetime in full[.]").  See Also:  *In Re Fisher 584 B.R. 185, 202 (Bankr. N.D. Ohio 2018*) ("enforcement of the Note and foreclosure upon the Mortgage are both governed by the six-year statute of limitations in O.R.C. Â§ 1303.16(A) and are time-barred")

    **WHEREFORE**, Debtors pray that their objection be sustained and the Proof of Claim number 27-1, be denied in its entirety as barred by the statute of limitations.

Respectfully submitted,

*/s/  Mark H. Knevel*
_____
**KNEVEL LAW CO. LPA**
Mark H. Knevel,  (0029285)
Attorneys for Debtors
5250 Transportation Blvd  Suite 201
Garfield Heights, OH  44125
(216) 523 - 7800 FAX  523-7801
Email:  mknevel@knevellaw.com

# CERTIFICATE OF SERVICE

Debtors, by and through counsel, hereby certify a copy of the foregoing Objection to Proof of Claim #27-1, was served upon the following, by CM / ECF Noticing System or ordinary US Mail, as indicated, on this the 21st day of April, 2022 :

**Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:**

**United States Trustee for Region 9**
**Cleveland Office of the United States Trustee**, on behalf of Andrew Vara, United States Trustee for Region 9.

**Counsel for Debtor**
**Mark H. Knevel**, Attorney for Debtor, at mknevel@knevel.com

**Chapter 13 Trustee**
**Lauren Helbling** at ch13helbling@ch13cleve.com

**Counsel for Creditor Bablyon Capital LLC**
**Jon J. Lieberman** at bankruptcy@sottileandbarile.com

**By Ordinary US Mail**

**Debtors**
**Robert Bernard Beverly**
**Tunisia Martine Beverly**
461 East 222nd Apt. 12
Euclid, OH 44123

/s/ Mark H. Knevel
_____
**KNEVEL LAW CO. LPA**
Mark H. Knevel, (0029285)
Attorneys for Debtors